**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loraanne M Hawkins, | No. CV-21-00711-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Loranne M Hawkins's appeal from the Commission of the Social Security Administration's (SSA) denial of social security disability benefits. The appeal is fully briefed, (Doc. 15, Doc. 18, Doc. 21), and the Court now rules.

**I.   BACKGROUND**

**A. Factual Overview**

Plaintiff was 42 years old as of the hearing and has a high school education. (AR 28, 29). Plaintiff has a history of work as an administrative clerk, procurement clerk, and mortgage closing clerk. (AR 17–18). Plaintiff filed her social security disability claim in October 2018. (AR 10).

**B. The SSA's Five-Step Evaluation Process**

To qualify for social security benefits, a claimant must show she "is under a disability." 42 U.S.C. § 423(a)(1) (E). A claimant is disabled if she suffers from a medically determinable physical or mental impairment that prevents her from engaging "in any

1 substantial gainful activity." *Id.* § 423(d)(1)–(2). The SSA has created a five-step process for an ALJ to determine whether the claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(1). Each step is potentially dispositive. *See id.* § 404.1520(a)(4).

At the first step, the ALJ determines whether the claimant is "doing substantial gainful activity." *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* Substantial gainful activity is work activity that is both "substantial," involving "significant physical or mental activities," and "gainful," done "for pay or profit." *Id.* § 404.1572(a)–(b).

At the second step, the ALJ considers the medical severity of the claimant's impairments. *Id.* § 404.1520(a)(4)(ii). If the claimant does not have "a severe medically determinable physical or mental impairment," the claimant is not disabled. *Id.* A "severe impairment" is one which "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(c). Basic work activities are "the abilities and aptitudes necessary to do most jobs." *Id.* § 404.1522(b).

At the third step, the ALJ determines whether the claimant's impairment or combination of impairments "meets or equals" an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, before proceeding to step four, the ALJ must assess the claimant's "residual functional capacity" (RFC). *Id.* § 404.1520(a)(4). The RFC represents the most a claimant "can still do despite [her] limitations." *Id.* § 404.1545(a)(1). In assessing the claimant's RFC, the ALJ will consider the claimant's "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what [the claimant] can do in a work setting." *Id.*

At the fourth step, the ALJ uses the RFC to determine whether the claimant can still perform her "past relevant work." *Id.* § 404.1520(a)(4)(iv). The ALJ compares the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* § 404.1520(f). If the claimant can still perform her past relevant work, the ALJ will find that the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv).

1    At the fifth and final step, the ALJ determines whether—considering the claimant's RFC, age, education, and work experience—she "can make an adjustment to other work." *Id.* § 404.1520(a)(4)(v). If the ALJ finds that the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the ALJ finds that the claimant cannot make an adjustment to other work, then the claimant is disabled. *Id.*

### C. The ALJ's Application of the Factors

At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 30, 2018, the alleged onset date. (AR 13). At the second step, the ALJ concluded Plaintiff had severe impairments of right and left carpal tunnel syndrome status post repair, neuropathy status post breast cancer treatment, and obesity. (AR 13).

At the third step, the ALJ determined that Plaintiff's her impairments did not meet or equal the criteria in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1. (AR 14–15). After evaluating Plaintiff's RFC, the ALJ concluded that Plaintiff could perform light work as defined in 20 C.F.R. 404.1567(b). (AR 15). At the fourth step, the ALJ determined that Plaintiff could perform her past relevant work as an administrative clerk. (AR 17–18). Accordingly, the ALJ determined that Plaintiff was not disabled.

## II. LEGAL STANDARD

This Court may not overturn the ALJ's denial of disability benefits absent legal error or a lack of substantial evidence. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). "Substantial evidence means ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). On review, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)). The ALJ, not this Court, draws inferences, resolves conflicts in medical testimony, and determines credibility. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Gallant v. Heckler*, 753 F.2d 1450,

1453 (9th Cir. 1984). Thus, the Court must affirm even when "the evidence admits of more than one rational interpretation." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court "review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010.

## III.   DISCUSSION

Plaintiff raises two potential errors in the ALJ's analysis: 1) the ALJ committed materially harmful error by finding Plaintiff's gastrointestinal impairments were not severe, and 2) the ALJ committed materially harmful by rejecting Plaintiff's subjective symptom testimony. (Doc. 15 at 1–2). The Court address each in turn.

### A.  Gastrointestinal Impairments

Plaintiff first argues that the ALJ erred by finding that Plaintiff's gastrointestinal impairments were not severe. (Doc. 15 at 11). Plaintiff contends that the record shows that her gastrointestinal impairments would interfere with her ability to work. (Doc. 15 at 11).

The ALJ addressed Plaintiff's gastroesophageal reflux disease (GERD), concluding that:

> The record showed that the claimant was also assessed with GERD, a hiatal hernia, and migraines. However, the undersigned found that, upon review of available evidence of record, these impairments did not result in complications at a frequency and severity consistent with severe impairments; they did not result in more than minimal limitations with the claimant's ability to perform work related activities for the requisite durational period. Accordingly, the claimant's GERD and hiatal hernia are nonsevere.

(AR 13). The ALJ also noted that Plaintiff "has had a lot of treatment for her GI issues, but her testing and exams have again been normal." (AR 17).

To prove a severe impairment, a claimant must simply demonstrate that "there is more than a minimal effect on [her] ability to do basic work activities." *Jimenez v. Astrue*, 641 F. Supp. 2d 954, 960 (C.D. Cal. 2009); *see also* 20 C.F.R. § 404.1522(a). Basic work activities include:

> Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; [c]apacities for seeing, hearing, and

- 4 -

speaking; [u]nderstanding, carrying out, and remembering simple instructions; [u]se of judgment; [r]esponding appropriately to supervision, co-workers and usual work situations; and [d]ealing with changes in a routine work setting.

20 C.F.R. § 404.1522(b); *see also Jimenez*, 641 F. Supp. 2d at 960. The bar for establishing a severe impairment is low and is "meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017).

Plaintiff argues that the ALJ failed to address Plaintiff's "extensive course of treatment" and suffering she experienced. (Doc. 15 at 12). Plaintiff claims that if the ALJ found that her gastrointestinal impairments were severe, it could have impacted the residual functional capacity determination and the ultimate nondisability determination. (Doc. 15 at 13). Additionally, Plaintiff argues that the ALJ ignored the abdominal surgery performed during the relevant period. (Doc. 15 at 16).

Here, the ALJ determined that the impairment was not severe for several reasons. First, the ALJ noted that Plaintiff had "a lot of treatment" for her gastrointestinal issues and subsequent tests revealed normal findings. (AR 17). Second, the ALJ considered Plaintiff's ability to perform daily tasks which indicated non-severe impairments. (AR 15). Third, the ALJ found that symptoms experienced were infrequent to constitute a severe impairment. (AR 13). And although the ALJ determined that Plaintiff's gastrointestinal impairments were not severe, he still considered the impairment when assessing Plaintiff's RFC. (AR 13).

The Court concludes that the ALJ gave legally sufficient reasons to conclude that Plaintiff's gastrointestinal impairments were not severe. Though the evidence could have led to the opposite conclusion, this Court cannot upset the ALJ's decision where "evidence exists to support more than one rational interpretation." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

**B. Plaintiff's Symptom Testimony**

Plaintiff also argues that the ALJ erred by rejecting Plaintiff's subjective symptom testimony. (Doc. 15 at 13). Plaintiff argues that the ALJ failed to show "anything specific

in the medical record that was inconsistent" with her testimony. (Doc. 15 at 15).

At her hearing, Plaintiff testified that she had carpal tunnel surgery but that she continued to experience pain and numbness in her hands. (AR 33). She also testified that she had been having migraines since 2014 and had memory issues. (AR 33–34). She further testified that she had issues with her bowels and had nausea. (AR 43). Additionally, Plaintiff testified that she performs limited housework. (AR 39).

The Ninth Circuit has established a two-step analysis for an ALJ to determine whether to credit a claimant's subjective symptom testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1014–15). If the claimant presents such evidence, the ALJ then evaluates the claimant's subjective complaints. *See id.* "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Instead, an ALJ must provide "specific, clear, and convincing reasons" for doing so. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

At the first step, the ALJ determined that Plaintiff's impairments "could reasonably be expected to cause some of the alleged symptoms." (AR 16). At the second step, however, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not consistent with the medical evidence and other evidence in the record." (AR 16).

Plaintiff argues that the ALJ applied an incorrect legal standard by requiring Plaintiff's subjective symptom testimony be "entirely consistent" with medical evidence. (Doc. 15 at 14). The Court does not read the ALJ's "not entirely consistent" language as requiring Plaintiff to fully corroborate her symptom testimony with objective medical evidence. Rather, the ALJ was merely stating that the record contained conflicting evidence

as to the severity of Plaintiff's symptoms. An ALJ may properly consider objective medical evidence to assess Plaintiff's credibility regarding the intensity and persistence of her symptoms. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ also did not solely rely on the objective medical evidence. The ALJ considered Plaintiff's ability to engage in activities of daily living. (AR 15). Moreover, the ALJ noted that Plaintiff's treatment history did not reflect her symptoms:

> She had carpal tunnel release surgery and her follow up records after the surgeries showed she was doing well, had no restrictions in using her hand, and full strength. There was no further treatment specifically for her hands or wrists and it was indicated that her numbness went away, contrary to her testimony.

(AR 17).

Plaintiff further argues that the ALJ failed to specifically discuss what symptoms were inconsistent with the objective evidence. (Doc. 15 at 15). Plaintiff argues that this failure does not satisfy the specific, clear, and convincing reasons for rejecting her symptom testimony. (Doc. 15 at 15). Here, however, the ALJ did more than state that Plaintiff's "alleged symptoms" were inconsistent with the objective evidence. (Doc. 15 at 15). The ALJ noted that the examination notes showed "normal findings, normal gait, and full active range of motion of her extremities including her hands." (AR 16). The ALJ also stated that the "follow up records after the surgeries showed she was doing well, had no restrictions in using her hand, and full strength." (AR 17).

Finally, Plaintiff argues that the ALJ erred in concluding that treatment records for her GI issues were "normal." (Doc. 15 at 16). Specifically, Plaintiff claims that she required an abdominal surgery during this period because of a test. (Doc. 15 at 16). But the ALJ considered the treatment Plaintiff had for her GI issues which would include surgery. (AR 17). The Court does not read the ALJ to be saying that Plaintiff had no issues with her GI. Rather, she treated her issues and subsequent tests came back normal.

The reasons for rejecting Plaintiff's symptom testimony were sufficiently specific, clear, and convincing. The ALJ's decision was reasonable and supported by substantial evidence.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the final decision of the Commissioner of the Commissioner of Social Security is **AFFIRMED**, and the Clerk of the Court shall enter judgment accordingly.

Dated this 22nd day of June, 2022.

James A. Teilborg
Senior United States District Judge